UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALAN VERDECCHIA              :
                             :
v.                           :         C.A. No. 21-00269-JJM
                             :
DAVID DECESARE, et al.       :

**MEMORANDUM AND ORDER**

Pending before me for determination is Plaintiff's Motion for Sanctions. (ECF No. 42). Defendants State of Rhode Island, Department of Administration, and David DeCesare (the "State Defendants") filed an Objection. (ECF No. 46). Plaintiff filed a Reply. (ECF No. 48).

In a nutshell, the present dispute arises out of Plaintiff's contention that Mr. DeCesare provided interrogatory answers that conflict with subsequent deposition testimony and thus he committed willful perjury. Plaintiff requests sanctions including the issuance of a court order finding that the facts set forth in his Complaint at paragraphs 52-62 are "clearly established" and/or that the court order that Defendants are barred from opposing the claims set forth in those paragraphs. (ECF No. 42-1 at p. 14). Plaintiff further requests entry of default judgment, a finding of willful misconduct as well as an award of fees and costs. Id. The State Defendants object and argue that Plaintiff is not legally entitled to the relief he presently seeks, and, in any event, that the answers to interrogatories and deposition testimony provided are not contradictory.

**Discussion**

Plaintiff contends he is entitled to sanctions pursuant to Fed. R. Civ. P. 37(b) and (d) for the "perjury" committed by Mr. DeCesare in discovery. (ECF No. 42-1). The Motion has several deficiencies.

First, despite bringing this Motion pursuant to Fed. R. Civ. P. 37, Plaintiff did not comply with the mandate of Rule 37(a)(1) which requires such a Motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." No such certification was included,[1] and the State Defendants note that no effort was made to confer prior to filing this Motion. (ECF No. 46 at pp. 3-4). This Court previously noted that the meet and confer requirement is "not an empty formality" and that the failure to comply with the requirement is a sufficient reason to deny a motion. A.J. Amer Agency, Inc. v. Astonish Results, LLC, No. CA 12-351S, 2013 WL 9663951, at *1-2 (D.R.I. Feb. 25, 2013) citing Velazquez–Perez v. Developers Diversified Realty Corp., 272 F.R.D. 310, 312 (D.P.R.2011).

Second, Plaintiff cites to the "Perjury Statute," 18 U.S.C. § 1621 and argues that federal courts "from around the country have not hesitated to impose sanctions" upon litigants in the civil context. While courts have authority to sanction parties in the civil context, the law is clear that there is no private right of action under Section 1621 of Title 18 of the United States Code. See Jeannite v. Coyne 5194, No. 23-CV-10408-RGS, 2023 WL 2711048, at *1 (D. Mass. Mar. 30, 2023) (no private cause of action for violations of 18 U.S.C. § 1621); DuBois v. Alves, No. CV 22-11203-RGS, 2022 WL 4376041, at *3 (D. Mass. Aug. 22, 2022) (same); Montrond v. City of Brockton, No. 22-CV-10886-DJC, 2023 WL 2391699, at *4 (D. Mass. Mar. 7, 2023) quoting Arroyo-Perez v. Demir Grp. Int'l, 762 F. Supp. 2d 371, 372 (D.P.R. 2011) ("Perjury is a criminal charge. And, even if perjury could be assumed arguendo, it is well established that perjury does

---

[1] While Plaintiff's Reply notes that he engaged in a good faith effort to resolve a Motion to Compel in May 2023 (ECF No. 48 at p. 9-10), that past history does not excuse present compliance with the meet and confer requirement of Rule 37.

not give rise to civil liability."). Following established case law, this Court declines to analyze the present dispute as a potential violation of the perjury statute.

Third, turning to the substance of the present dispute, the Court declines to grant the requested relief or to engage in fact-finding in this context. Both issues raised involve whether deposition testimony given by Mr. DeCesare conflicts with his previous Interrogatory Answers. The issues presented are those that are classically reserved to the finder of fact who must review all evidence and resolve the conflict. Accordingly, Plaintiff's Motion for Sanctions (ECF No. 42) is DENIED.

SO ORDERED

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 20, 2024